**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC. AND BOARD OF TRADE OF THE CITY OF CHICAGO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD B. GARBER, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,963,923 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

Pursuant to 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57, and the Patent Act, 35 U.S.C. §§ 1 *et seq*., Plaintiffs Chicago Mercantile Exchange Inc. ("CMEI") and Board Of Trade Of The City Of Chicago, Inc., also known as Chicago Board of Trade, ("CBOT") bring this action against Defendant Howard B. Garber ("Garber"). CMEI and CBOT (collectively "CME") seek a declaration that United States Patent No. 5,963,923 ("the '923 patent") is invalid, unenforceable, and not infringed by CMEI and CBOT. For its Complaint against Defendant Garber, CME alleges as follows:

**THE PARTIES**

1. Plaintiff Chicago Mercantile Exchange Inc. is a Delaware corporation having its principal place of business at 20 S. Wacker Drive, Chicago, Illinois, 60606. CMEI is a financial and commodity derivatives exchange.

1

2. Plaintiff Board Of Trade Of The City Of Chicago, Inc., also known as Chicago Board Of Trade, is a Delaware corporation having its principal place of business at 141 W. Jackson Boulevard, Chicago, Illinois, 60604. CBOT operates an exchange that deals in commodity futures and options on futures through open auction and/or electronic means.

3. Upon information and belief, Defendant Garber is an individual residing at 2305 N. Commonwealth Avenue, Chicago, Illinois, 60614.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because Defendant Garber resides within this District and is subject to personal jurisdiction within this District. In addition, in 2004, Garber sued CME to enforce his patent rights in this Court. A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## FACTUAL BACKGROUND

6. The '923 patent is entitled "System and Method for Trading Having a Principal Market Maker" and was issued by the United States Patent and Trademark Office ("USPTO") on October 5, 1999. A true and correct copy of the '923 patent is attached as Exhibit 1.

7. Garber filed a complaint for patent infringement against CMEI, CBOT, the Chicago Board of Options Exchange ("CBOE"), and One Chicago, LLC on May 6, 2004 in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 1:04-cv-03238 (the "Prior Action"). (Dkt. 1).

8. The complaint in the Prior Action asserted:

(a) "Garber is the sole owner of the '923 patent" (Dkt. 1 at 3);

(b) "[t]he '923 patent is directed towards a system and method of trading commodities using a computerized or electronic 'market maker'" (Dkt. 1 at 3); and

(c) "[CME's] use of a computerized market maker in futures and commodities trading is an infringement of the '923 Patent in violation of U.S.C. §271 (a), (b) and/or (c)." (Dkt. 1 at 8).

9. On August 13, 2004, CMEI answered Garber's complaint in the Prior Action and filed counterclaims against Garber for noninfringement and invalidity of the '923 patent. (Dkt. 33). Garber never answered CMEI's counterclaims.

10. Among other things, CMEI's August 13, 2004 unanswered counterclaims in the Prior Action stated:

(a) "This Court has subject matter jurisdiction over this Counterclaim, pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1338. A justiciable controversy exists between CME and Garber relating to the validity and infringement of [the '923 patent], in that Garber has filed suit accusing CME of infringing the '923 patent." (Dkt. 33 at 11).

(b) "Venue is proper in this District in that Garber resides in this District." (Dkt. 33 at 11).

(c) CMEI "is entitled to a Declaratory Judgment that [CMEI] has not infringed, contributed to infringement of, or actively induced the infringement of, any claim of the '923 Patent." (Dkt. 33 at 11).

(d) "The claims of the '923 Patent, if construed to cover systems and methods employed by CME[I], are invalid for failure to comply with the requirements [of] the patent laws of the United States, 35 U.S.C. § 101, et seq." (Dkt. 33 at 12).

(e) CMEI "is entitled to a Declaratory Judgment that one or more claims of the '923 Patent are invalid." (Dkt. 33 at 12).

11. Garber was required by law to respond to CMEI's August 13, 2004 counterclaims.

12. By failing to respond to CMEI's August 13, 2004 counterclaims, Garber admitted to all of the allegations made in CMEI's August 13, 2004 counterclaims.

13. On October 27, 2004 in the Prior Action, Judge Castillo conducted a settlement conference, in which he determined that the case could not be settled without a decision on claim construction. (Dkt. 43). The Court scheduled a Markman Hearing for December 1, 2004. *Id*. Garber filed its Markman brief on November 8, 2004. (Dkt. 48).

14. On November 19, 2004, Garber's counsel moved to withdraw from the Prior Action, because of his departure from his law firm. (Dkt. 53). CBOT opposed the motion to the extent Garber wished to postpone the Markman hearing. (Dkt. 51). On November 24, 2004, Judge Castillo allowed counsel to withdraw and postponed the Markman hearing. (Dkt. 53). The Court set the case for status on December 15, 2004, stating that if Garber did not obtain new counsel by that date, the case would be dismissed for want of prosecution. *Id*.

15. On December 8, 2004, Garber filed a Stipulation and Order for Dismissal without Prejudice of all claims in the Prior Action. (Dkt. 55).

16. On December 17, 2004, the Court dismissed the Prior Action without prejudice for want of prosecution pursuant to its November 24, 2004 order. (Dkt. 56). The Court gave

4

Garber until January 18, 2005 to move to reinstate the Prior Action or the lawsuit would be terminated. *Id*.

17. On February 9, 2005, the Court, having received no motion to reinstate the case, dismissed the Prior Action with prejudice. (Dkt. 58).

18. More than three years later, in June, 2008, Garber acquired new counsel. (Dkt. 59). On June 24, 2008, in the Prior Action, Garber filed a motion for relief from the February 9, 2005 order that dismissed the case with prejudice. (Dkt. 60). Garber's motion contended that the December 8, 2004 stipulation was filed pursuant to Fed. R. Civ. P. 41(a)(1) and therefore the Prior Action should have been dismissed without prejudice. *Id*. CME opposed the motion. (Dkt. 62).

19. In an order dated July 16, 2008, the Court heard and denied Garber's June 24, 2008 motion. (Dkt. 63). Garber then filed a Motion for Reconsideration of the Court's order on July 29, 2008, and the Court heard that motion on August 5, 2008. (Dkts. 66, 69). CME filed an Opposition to Garber's July 29, 2008 Motion, which Garber opposed. (Dkts. 73, 75). On October 3, 2008, the Court denied Garber's Motion for Reconsideration. (Dkt. 78).

20. After first appealing to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"), Garber filed an appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). (Dkts. 81, 84). The case in the Seventh Circuit was later transferred to the Federal Circuit. (Dkt. 88).

21. After briefing and oral argument, the Federal Circuit reversed the district court's denial of Garber's July 29, 2008 Motion for Reconsideration. Thus, the Prior Action was effectively dismissed without prejudice on December 8, 2004 pursuant to the stipulation of the parties.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

22. CME is under a real and immediate risk that it will face a new suit for alleged infringement by Garber, for the following reasons:

(a) First, in the Prior Action, Garber alleged that CME infringes Garber's '923 patent. (Dkt. 1).

(b) Second, Garber sought to preserve his ability to refile an infringement suit against CME by attempting to change the dismissal status of the Prior Action from "with prejudice" to "without prejudice." *See generally* (Dkts. 60, 63, 66, 69, 75, 76, 79, 80, 81, 83, 84, 87).

(c) Third, at hearings regarding the dismissal status of the Prior Action, Judge Castillo repeatedly asked Garber's counsel whether Garber intended to file another lawsuit against CME if the dismissal status is changed. (Dkt. 70 at 7-9); (Dkt. 71 at 4). Garber's counsel never directly answered the question, but admitted he intends to leverage the threat of litigation in license negotiations with CME. (Dkt. 70 at 9) ("…a dismissal with prejudice against…an *infringer* of the patent [would lessen the value of that patent] as to that infringer because that case might not be available to the purchaser of the patent who *might seek to litigate the infringement of the patent* by the Board of Trade or --") (emphasis added); (Dkt. 71 at 4) ("So I cannot tell you that Mr. Garber intends to file a lawsuit; but at the threshold, he intends to try in good faith to negotiate a license."). The previous attempts by Garber to license the '923 patent to CME ultimately led Garber to file the Prior Action. (Dkt. 1 at 5-7). CME is therefore under imminent threat of another infringement suit by Garber.

23. A substantial controversy of sufficient immediacy and reality exists between CME and Garber, regarding the noninfringement, invalidity, and unenforceability of the '923 patent. CME is entitled to relief as requested.

## COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '923 PATENT BY CMEI

24. CMEI incorporates its allegations in Paragraphs 1-24 as if fully restated herein.

25. CMEI, or any of its past or present products or services, has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '923 patent.

26. Garber is estopped, based on statements, representations, and admissions made during prosecution of the '923 patent, from asserting an interpretation of the '923 patent that is broad enough to cover any of CMEI's products or services, either literally or by application of the doctrine of equivalents.

27. A judicial declaration is necessary and appropriate so that CMEI may ascertain its rights regarding the '923 patent.

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '923 PATENT BY CBOT

28. CBOT incorporates its allegations in Paragraphs 1-28 as if fully restated herein.

29. CBOT, or any of its past or present products or services, has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '923 patent.

30. Garber is estopped, based on statements, representations, and admissions made during prosecution of the '923 patent, from asserting an interpretation of the '923 patent that is

broad enough to cover any of CBOT's products or services, either literally or by application of the doctrine of equivalents.

31. A judicial declaration is necessary and appropriate so that CBOT may ascertain its rights regarding the '923 patent.

## COUNT III

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '923 PATENT BY CME

32. CME incorporates its allegations in Paragraphs 1-32 as if fully restated herein.

33. Those claims Garber contends CME infringes are invalid for failure to comply with one or more of the conditions and requirements for patentability, as set forth in the United States patent laws, Title 35 U.S.C. §§ 1 *et seq.*, including specifically §§ 101, 102, 103, 112 and/or 282 and the rules, regulations, and laws pertaining thereto.

## COUNT IV

### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '923 PATENT BY CME (INEQUITABLE CONDUCT)

34. CME incorporates its allegations in Paragraphs 1-34 as if fully restated herein.

35. The claims of the '923 patent are unenforceable as a result of inequitable conduct by the applicant, his attorney(s), agent(s), and/or any other person(s) involved in the preparation, filing, and/or prosecution of the patent.

36. Upon information and belief, during prosecution of the '923 patent, Garber, and those substantively involved in the prosecution of the '923 patent, deliberately engaged in a pattern of conduct that misled or calculated to mislead the USPTO into granting the '923 patent.

37. Upon information and belief, Garber and others substantively involved in the prosecution of the '923 patent, knew the '923 patent is not patentable over prior art.

38. Upon information and belief, Garber, and those substantively involved in the prosecution of the '923 patent, deliberately concealed from the USPTO material prior art and other material information. In those instances where material prior art was disclosed to the USPTO, they buried that art within numerous immaterial prior art references to mislead the USPTO into overlooking material information.

## COUNT V

### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '923 PATENT BY CME (WAIVER, ESTOPPEL, AND OTHER DEFENSES)

39. CME incorporates its allegations in Paragraphs 1-39 as if fully restated herein.

40. Garber is barred or limited by the doctrine of waiver from enforcing some or all of the asserted claims of the '923 patent against CME.

41. Garber is barred or limited by the doctrine of laches from enforcing some or all of the asserted claims of the '923 patent against CME.

42. Garber is barred or limited by the doctrine equitable estoppel from enforcing some or all of the asserted claims of the '923 patent against CME.

43. Garber is barred or limited by the doctrine of patent misuse from enforcing some or all of the asserted claims of the '923 patent against CME.

44. Garber is barred or limited by the doctrine of unclean hands from enforcing some or all of the asserted claims of the '923 patent against CME.

## **PRAYER FOR RELIEF**

WHEREFORE, CME requests that the Court enter judgment in its favor against Garber as follows:

  A. Declare that CMEI has not and does not infringe, directly or indirectly, the '923 patent;

  B. Declare that CBOT has not and does not infringe, directly or indirectly, the '923 patent;

  C. Declare the '923 patent invalid;

  D. Declare the '923 patent unenforceable;

  E. Declare this case exceptional and award CME its attorneys fees pursuant to 35 U.S.C. § 285;

  F. Award CME its costs and reasonable expenses; and

  G. Grant CME such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs Chicago Mercantile Exchange Inc. and Board Of Trade Of The City of Chicago, Inc. demand a trial by jury of all matters to which they are entitled to trial by jury, pursuant to Fed. R. Civ. P. 38.

Date: June 26, 2009

*s/ Jerrold E. Salzman*

*Of Counsel:*
Jeffrey G. Randall
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Tel: (650) 470-4500
Fax: (650) 470-4750

Jerrold E. Salzman
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411

*Attorneys for Plaintiffs*